# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard A. Perales, | Case No. 23-CV-781 (SRN/TNL) |
| Plaintiff, | **ORDER FOR DISMISSAL** |
| v. | |
| Jack Daniels, Chief Psychiatrist, et al.; Dionne Hart, Staff Psychiatrist, et al., | |
| Defendants. | |

This matter is before the Court for review of Plaintiff Richard A. Perales's civil complaint, [Doc. No. 1], and *in forma pauperis* (IFP) application, [Doc. No. 2], pursuant to 28 U.S.C. § 1915(e)(2).

After review of the IFP application, the Court concludes that Perales qualifies financially for IFP status. This conclusion, however, does not end the analysis. An IFP application will be denied, and an action will be dismissed, when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

1

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Perales is in the custody of the United States Attorney General at the Federal Medical Center, Rochester (FMC-Rochester) pursuant to an order for civil commitment under 18 U.S.C. § 4246. *United States v. Perales*, No. 99-3854, 2000 WL 1268214, at *1 (8th Cir. 2000). In the current action, Perales alleges that the Defendants are forcing him to take "anti-psycho-tropic" drugs in violation of his constitutional rights. [Doc. No. 1]. Perales claims that he suffers dangerous side effects from these drugs, and requests money damages. *Id.*

According to his Complaint, Perales is seeking relief under 18 U.S.C. § 1985 and 28 U.S.C. § 1331. Taking these in reverse order, section 1331 simply establishes the district courts' federal-question jurisdiction; it does not itself create substantive rights. *See Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir. 1999) ("Nevertheless, § 1331 does not, in and

of itself, create substantive rights in suits brought against the United States."). Accordingly, to the extent that Perales cites 28 U.S.C. § 1331 as a basis of a substantive claim, such a claim fails as a matter of law.

There is no 18 U.S.C. § 1985. Broadly construing Perales's claims, this Court considers whether he has stated a claim under 42 U.S.C. § 1985. Although that statute has multiple parts, none are applicable here:

> Section 1985 proscribes five different types of conspiracies: (1) conspiracies to interfere with the performance of official duties by federal officers (section 1985(1)); (2) conspiracies to interfere with the administration of justice in federal courts (first clause of section 1985(2)); (3) conspiracies to interfere with the administration of justice in state courts (second clause of section 1985(2)); (4) private conspiracies to deny any person enjoyment of 'equal protection of the laws' and 'equal privileges and immunities under the laws' (first clause of section 1985(3)); and (5) conspiracies to interfere with the right to support candidates in federal elections (second clause of section 1985(3)).

*Harrison v. Springdale Water & Sewer Com'n*, 780 F.2d 1422, 1429 (8th Cir. 1986) (citing *Kush v. Rutledge*, 460 U.S. 719, 724 (1983)).

Here, Perales alleges no facts suggesting a conspiracy to interfere with the performance of official duties by federal officials, the administration of federal or state courts, or interference with the right to support a candidate in a federal election. Further, to be denied "equal protection" or "equal privileges and immunities" "means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Perales, however, fails to allege any facts suggesting any class-based animus. Thus, to the extent that Perales asserts a claim under § 1985, such a claim also fails as a matter of law.

Although Perales references no other cause of action, he asserts a claim for monetary damages against federal employees for alleged violations of his constitutional rights. *See* [Doc. No. 1]. The Court construes this claim as a so-called *Bivens* action. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Under *Bivens*, the "victims of a constitutional violation by a federal agent have a right to recover damages against [that] official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980) (discussing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)). *Bivens*, however, does not provide Perales with any basis for relief, either.

The United States Supreme Court has recognized a cause of action under *Bivens* in three limited circumstances: excessive force claims under the Fourth Amendment involving a warrantless search and illegal arrest, *see Bivens*, 403 U.S. at 388; workplace gender discrimination claims in violation of the procedural due process clause of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979), and claims alleging deliberate indifference to a serious medical need in violation of the prohibition against cruel-and-unusual punishment under the Eighth Amendment, *see Carlson*, 446 U.S. at 14. *See also Ahmed v. Weyker*, 984 F.3d 564, 567 (8th Cir. 2020) ("On only three occasions has the Supreme Court recognized a cause of action under *Bivens*."). Most recently, however, the Supreme Court has made it clear that any further expansion of *Bivens* beyond these three contexts is "a disfavored judicial activity." *Hernandez v. Mesa*, 140 S.Ct. 735, 742 (2020).

Thus, in determining whether a cause of action exists under *Bivens*, Courts engage in a two-step inquiry: "[c]ourts first inquire whether the request involves a claim that arises

in a new context . . . second, [courts] ask whether there are any special factors that counsel hesitation about granting the extension." *Hernandez v. Mesa*, 140 S.Ct. 735, 743 (2020) (internal citations omitted). Here, Perales implicates the due process clause of the Fifth Amendment in alleging that he has a "liberty interest" in being free from being forcibly medicated. [Doc. No. 1]. The Supreme Court, however, has only applied *Bivens* to a claim alleging unconstitutional gender discrimination in the workplace in violation of the Fifth Amendment. *See Davis*, 442 U.S. at 228. Thus, Plaintiff's claims would require extending *Bivens* to a new context, and the Court therefore proceeds to step two.

At the second step, "[t]he focus is on whether there are any special factors that cause [the court] to pause before acting without express congressional authorization. It does not take much, because Congress is usually in the better position to weigh the costs and benefits of creating a new substantive liability." *Ahmed v. Weyker*, 984 F.3d 564, 570 (8th Cir. 2020) (cleaned up). In this District, courts have declined to extend *Bivens* to BOP actions. *See, e.g.*, *Biron v. Sawyer*, No. 19-CV-2938 (SRN/LIB), 2020 WL 6121270, at *15 (D. Minn. Aug. 21, 2020) (citation omitted), *report and recommendation adopted sub nom.*, 2020 WL 5812970 (D. Minn. Sept. 30, 2020). Indeed, this Court previously considered whether *Bivens* extends to the claims asserted in this action and concluded that it does not. *See Victor B. P. v. Daniels*, Case No. 19-cv-2663, 2021 WL 3476710, at *10 (D. Minn. Apr. 12, 2021), *report and recommendation adopted as modified sub nom.*, 2021 WL 2981286 (D. Minn. July 15, 2021).

In *Victor B.P.*, the plaintiff had been civilly committed to the custody of the United States Attorney General, and he claimed that being forcibly medicated violated his due

5

process rights under the Fifth Amendment. *Id.* at *1. The Honorable Magistrate Judge Elizabeth Cowan Wright rejected that argument, concluding that the procedures that must be followed prior to administering any involuntary treatment—such as forced medication—satisfied due process considerations. *Id.* at *10 (citing *United States v. McAllister*, 969 F. Supp. 1200, 1206-08 (D. Minn. 1997)). The court concluded that "[b]ecause there is a BOP administrative procedure in place to protect Plaintiff's due process rights, the Court finds that special factors exist which counsel against extending liability to BOP employees in their individual capacities merely because they were following BOP regulations." *Id.* Further, as the court noted, "an alternative avenue remains available to Plaintiff to challenge Defendants' actions under the Administrative Procedure Act ("APA")." *Id.* Thus, the court recommended dismissing the Plaintiff's *Bivens* claims for money damages. *Id.* This Court agreed, adopting the recommendation as modified as a dismissal with prejudice. 2021 WL 2981286 at * 2 (citing *Holmseth v. City of E. Grand Forks*, Case No. 14-cv-2970 (DWF/LIB), 2015 WL 4488424, at *20 (D. Minn. July 23, 2015) (dismissing claims with prejudice where the claims "fail[ed] at the outset as a matter of law").

Similarly, here Perales asserts that the BOP is forcibly medicating him in violation of the Fifth Amendment. [Doc. No. 1]. Perales requests money damages for this alleged constitutional violation. *Id.* As this Court found in *Victor B.P.*, however, *Bivens* does not extend to claims against BOP officials in their individual capacity for forcibly medicating civil detainees committed to the custody of the United States Attorney General. 2021 WL 2981286 at * 2. The Court finds no basis to distinguish this case from the Court's analysis

in *Victor B.P.* Accordingly, to the extent that Perales asserts a cause of action under *Bivens*, such claims are likewise dismissed.[1]

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, the Court **IT IS HEREBY ORDERED THAT**:

1. The civil complaint of Plaintiff Richard A. Perales, [Doc. No. 1], be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* (IFP) of Plaintiff Richard A. Perales, [Doc. No. 2], be **DENIED as MOOT**.

**IT IS SO ORDERED.**

Dated: April 24, 2023                               *s/ Susan Richard Nelson*
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge

---

[1] To the extent that Perales asserts some other cause of action, this Court finds none. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) ("Though pro se complaints are to be liberally construed, they must still allege sufficient facts to support the claims advanced.") (internal citations omitted).