**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Richard A. Perales,<br><br>Plaintiff,<br><br>v.<br><br>Jack Daniels and Dionne Hart,<br><br>Defendants. | Case No. 23-CV-00781 (SRN/TNL)<br><br>**ORDER** |

Richard A. Perales, FMC Rochester, POB 4000, Rochester, MN 55903, pro se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Richard A. Perales's Affidavit or Declaration in Support of Motion for Leave to Proceed In Forma Pauperis (*see* Docket No. 5 ("IFP Application")), which the Court construes as a motion to proceed in forma pauperis ("IFP") on appeal. For the reasons addressed below, the Court grants the IFP Application, subject to Perales paying an initial partial filing fee of $14.98.

After review, this Court concludes that Perales qualifies financially for IFP status. This Court also concludes that, although it continues to believe that Perales's action was correctly dismissed, his appeal is not frivolous as the Supreme Court has defined that term.

Because Perales is a prisoner, the IFP Application is subject to 28 U.S.C. § 1915(b):

> (1) Notwithstanding subsection (a), if a prisoner . . . files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial

> payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the . . . notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of . . . an appeal of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from . . . appealing a civil . . . judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute—part of the Prison Litigation Reform Act ("PLRA")—prisoners granted IFP status on appeal do not avoid the appellate filing fee altogether, as nonprisoner IFP appellants do. Instead, a prisoner granted IFP status merely gets permission to pay the appellate filing fee in installments, instead of paying the full amount in advance. *See Henderson v. Norris*, 129 F.3d 481, 484–85 (8th Cir. 1997); *cf. Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." (citing *Henderson*)). Section 1915(b)(1) requires prisoner IFP applicants to pay

an IPFF at an appeal's outset, and § 1915(b)(2) requires that a prisoner pay the remaining balance in installments through regular deductions from his or her trust account.

In this case, the trust-fund information submitted in the IFP Application states that the amount of Perales's average monthly deposits during the preceding six-month period was $74.92, while his average monthly balance during the same period was $20.49. (*See* Docket No. 5-1 at 1–2.) Because the average monthly deposits amount exceeds the average monthly balance, Perales's initial partial filing fee for this appeal, under the § 1915(b)(1) formula, is 20 percent of the average monthly deposits, or $14.98. This initial partial filing fee is due immediately. If Perales elects to pursue this appeal, the balance of the $505 appellate filing fee must be paid in installments, and prison officials are authorized to deduct funds from Perales's trust account. *See* 28 U.S.C. § 1915(b)(2).

Given the above discussion, the Court will grant the IFP Application, subject to Perales paying the $14.98 IPFF.

**ORDER**

Based on the foregoing, and on all of the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Richard A. Perales's Affidavit or Declaration in Support of Motion for Leave to Proceed In Forma Pauperis (Docket No. 5), which the Court construes as a motion to proceed in forma pauperis on appeal, is **GRANTED**, subject to the requirements of 28 U.S.C. § 1915(b).

2. The initial partial filing fee of $14.98 for the appeal in this matter is due immediately.

3. Perales must pay $490.02, the unpaid balance of the statutory filing fee for this action, in the manner prescribed by 28 U.S.C. § 1915(b)(2).

4. The Clerk of Court shall provide notice of the above requirement to the authorities at the institution where Perales is confined.

Dated: Friday, June 30, 2023

*s/ Susan Richard Nelson*
Susan Richard Nelson
United States District Judge